[Civ. No. 29736.   Second Dist., Div. Three.   July 11, 1967.]

ESCROW OWNERS ASSOCIATION, INC., et al., Plaintiffs and Appellants, v. TAFT ALLEN, INC., et al., Defendants and Respondents.

Crooks & Laird, John E. Crooks and Joseph R. Laird, Jr., for Plaintiffs and Appellants.

Sorrell Trope and Alvin F. Howard for Defendants and Respondents.

SHINN, J.*—This is an appeal from judgments dismissing the action as to two defendants whose demurrers were sustained without leave to amend, plaintiffs having declined to amend.

Plaintiff Escrow Owners Association, Inc. is a nonprofit corporation whose members are escrow agents. Other plaintiffs are licensed escrow agents, or officers or stockholders in corporations licensed as escrow agents.

Defendants are 23 individuals, partnerships or corporations who are licensed real estate brokers; also named as defendants are Milton G. Gordon, then State Real Estate Commissioner and Charles E. Rickershauser, then State Corporations Commissioner.

The action is for declaratory relief and an injunction. The gravamen of the action is that the defendant brokers are rendering services as escrow holders in violation of law in that they are not licensed escrow agents, and are therefore competing unfairly with the plaintiffs.

Plaintiffs allege that the action is instituted in behalf of all the many licensed escrow agents throughout the state, and that there are hundreds of real estate brokers, not named, whose interests are identical with those of the named defendants.

Defendants Reliable Mortgage Corporation, and Taft Allen, Inc., a corporation, filed demurrers to the complaint; the de-

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

murrers were sustained without leave to amend after plaintiffs declined to amend, and judgments of dismissal were entered as to these defendants. The appeal is from these judgments. The record does not show that the defendant commissioners or any of the remaining defendants were served.

After notice from the clerk neither of the respondents filed a brief and the appeal was submitted upon the brief of appellants. (Rule 17(b), Cal. Rules of Court.)

The court received no communication from respondents' attorneys of record explaining the failure to file briefs. We think such an explanation by attorneys is due the court when no respondent's brief is filed. We realize that it would be embarrassing to inform the court that the client was indifferent to what might happen on the appeal or that he was too poor or too frugal to pay for a brief, but we think the attorneys should be interested for the court to know they have not deserted their clients. We sent for the superior court file in order to look at the points and authorities filed in support of the demurrers. We probably got as much help from them as we would have received from briefs. They do show that the respondents challenged the sufficiency of the complaint to warrant declaratory relief.

One of the points urged in support of the demurrers was that the action is not one in which declaratory relief should be granted, and the demurrers were sustained mainly upon that ground. The court ruled correctly. Section 1061, Code of Civil Procedure, provides: "The court may refuse to exercise the power granted by this chapter [ch. 8, title 14, pt. 2, 'Declaratory Relief'] in any case where its declaration or determination is not necessary or proper at the time undr all the circumstances."

Upon the facts alleged in the complaint a judgment that real estate brokers have no legal right to act as escrow holders would have been unnecessary, improper, and would have created mischief and confusion.

Escrow agents are licensed by the Commissioner of Corporations (Fin. Code, § 17200); their duties are prescribed by the Financial Code (§ 17000 et seq.); acting as escrow agents without being licensed as such is a misdemeanor (§ 17011); the duty of enforcing compliance with the law by order or prosecution is delegated to the Corporations Commissioner (§§ 17416, 17607). However, subdivision (d) of section 17006 exempts from the licensing requirements "Any person li-

censed by the Real Estate Commissioner while performing acts in the course of or incidental to his real estate business.''

The complaint alleges that the Corporations Commissioner and the Real Estate Commissioner have ruled that real estate brokers may lawfully serve as escrow holders without being licensed as escrow agents. It is also alleged that the escrow services being rendered by the brokers are not a part of or incidental to their real estate business. This bold, conclusionary statement goes to the root of plaintiff's grievance, but it is of no significance upon this appeal. The escrow services of the brokers are conducted openly and with the approval of the commissioners. Thus, the commissioners are accused of failing to perform the duties imposed upon them by law. Although plaintiffs named the commissioners as defendants and originally intended to have that issue adjudicated in the present action, they changed their minds. It was not necessary for the trial court to determine whether it would have been appropriate to try that issue in this action if the commissioners had been served, since they were not served.

We think it would have been absurd for the court to permit the action to go to trial for a determination of the legality of the rulings of the commissioners when they are strangers to the action. Any judgment favorable to the plaintiffs would not be binding upon the commissioners, and yet it would declare that they are guilty of official misfeasance, without their being before the court to vindicate their actions.

If the brokers should be declared to be guilty of violating the law their only recourse would be to discontinue their services as escrow holders or become licensed as escrow agents by the Corporations Commissioner, although he holds that real estate brokers are exempted from the licensing requirements of the Financial Code.

Section 1061, Code of Civil Procedure, vests in the court all the needed authority for the exercise of its discretion to determine whether declaratory relief would be necessary and proper upon the pleadings or proof in the action. A review of the cases in which the trial court's action in exercising its discretion under section 1061 was reviewed discloses none in which the facts were comparable to those pleaded in the present complaint.

Plaintiffs must establish that the defendants are violating the law as a foundation for their claim to an injunction against unfair competition. As a practical matter, the rulings

of the commissioners stand in the way of their forcing the defendants to discontinue acting as escrow holders, and the court surely should consider what the practical results would be of granting plaintiffs the declaratory relief they seek.

■ Moreover, an action for declaratory relief is not proper procedure unless an actual controversy exists between the parties, and it may not be used as an attack upon an order of an administrative agency. (*Floresta, Inc.* v. *City Council,* 190 Cal.App.2d 599 [12 Cal.Rptr. 182] ; *Hostetter* v. *Alderson,* 38 Cal.2d 499 [241 P.2d 230].) ■ The rule that a denial of declaratory relief will be affirmed on appeal in the absence of a showing of abuse of discretion is firmly established. (15 Cal.Jur.2d, Declaratory Relief, § 25, p. 144.)

■ The record discloses that the trial court was of the opinion that the only proper way for plaintiffs to challenge the right of real estate brokers to act as escrow holders would be in a direct proceeding against the commissioners to test the validity of their rulings. We are of the same opinion.

■ The discretion of the court was properly exercised.

The judgments are affirmed.

Cobey, Acting P. J., and Moss, J., concurred.